## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HELEN MCLAUGHLIN | : | Case No. 14-cv-7315 |
| Plaintiff | : | |
| | : | The Hon. John R. Padova |
| v. | : | |
| | : | NO. 14-7316 (Ruble)   NO. 16-3732 (Gross) |
| BAYER ESSURE INC. et al., | : | NO. 14-7317 (Strimel)   NO. 16-3733 (Johnson) |
| | : | NO. 14-7318 (Stelzer)   NO. 16-3766 (Summerlin) |
| Defendants. | : | NO. 15-0384 (Walsh)   NO. 16-3767 (Rodvill) |
| | : | NO. 16-1458 (Dunstan)   NO. 16-3768 (Catanzano) |
| **And Related Actions** | : | NO. 16-1645 (Clarke)   NO. 16-3769 (Aponte) |
| | : | NO. 16-1921 (Souto)   NO. 16-4081 (Bradford) |
| | : | NO. 16-2166 (B. Bailey)   NO. 17-2915 (Wistrom) |
| | : | NO. 16-2154 (Campos)   NO. 17-3968 (Bobo) |
| | : | NO. 16-2717 (Bolds)   NO. 17-4417 (Guess) |
| | : | NO. 16-3049 (Tulgetske)   NO. 17-4936 (Gonzalez) |
| | : | NO. 16-3409 (Abbey)   NO. 18-0037 (Jenson) |
| | : | NO. 16-3589 (Burgis)   NO. 18-0836 (Morgan) |
| | : | NO. 16-3710 (Dong)   NO. 18-0837 (Galan) |
| | : | NO. 16-3730 (Mantor)   NO. 18-0838 (Alfaro) |
| | : | NO. 16-3731 (Olague)   NO. 18-908 (Archer) |
| | : | |

## AGREED CASE MANAGEMENT ORDER CONCERNING APPOINTMENT
## OF SPECIAL DISCOVERY MASTER

**AND NOW** this 30th day of April, 2018, pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), and with the consent of the parties, **IT IS HEREBY ORDERED** that Professor David A. Sonenshein, Esq. is **APPOINTED** to act as Special Discovery Master for these consolidated matters pursuant to the terms set forth below.  The Court is satisfied that Professor Sonenshein possesses the requisite experience and qualifications to fulfill the tasks contemplated by the Court and agreed to by the parties.  We also find, based on the attached affidavit, that Professor Sonenshein does not have a relationship to the parties, the action, or the Court that would require disqualification under the standards set forth for judges in 28 U.S.C. § 455.  The

specific terms of Professor Sonenshein's appointment, to which the parties have agreed, are as follows:

1.   **Appointment.**   **Professor David A. Sonenshein** (the "Special Discovery Master"), whose business address and telephone number are 1719 N. Broad Street, Philadelphia, PA 19122, and (215) 204-8958, shall be the Special Discovery Master in the consolidated Essure proceedings currently pending in the District Court for the Eastern District of Pennsylvania. This appointment is for the limited purposes specified in this Order and for a time period to be determined by the Court.  The Special Discovery Master shall proceed with all reasonable diligence to complete the tasks assigned by this Order, and the parties shall cooperate fully with the Special Discovery Master.  The Special Discovery Master charges an hourly rate of $750.00 plus and will be privately compensated as set forth in Paragraph 10 below.

2.   **Referral of Disputes to Special Discovery Master.** In lieu of bringing a motion before the Court, a party shall submit all discovery motions and disputes relevant to discovery to the Special Discovery Master, unless all parties to the dispute agree the dispute should be submitted to the Court in the first instance.  This Order is without prejudice to a particular dispute being submitted to the Court in the first instance upon the Court's own motion or the Special Discovery Master's recommendation, or upon motion of a party, with good cause shown and after reasonably meeting and conferring with opposing counsel. Motions to dismiss and/or for other appropriate relief for failure to produce a Plaintiff Fact Sheet or Defendant Fact Sheet should be submitted to the Court in the first instance, but disputes regarding the substantial completion of Fact Sheets shall be considered discovery matters that are submitted to the Special Discovery Master in the first instance.

2

3.     **Powers of Appointment.** The Special Discovery Master shall hear and determine any and all discovery motions and disputes referred by the parties or the Court pursuant to Paragraph 2 above. The Special Discovery Master, in the first instance, shall promptly and informally consider the views of the parties and attempt to mediate all disputes and/or make a ruling. In those instances in which the Special Discovery Master makes a ruling that is accepted by all participating parties and non-parties, he shall confirm his ruling by letter to the parties, if a participant requests a written confirmation. In those instances in which the ruling of the Special Discovery Master is not accepted by all participants, the Special Discovery Master shall report findings and make a recommendation thereon to the Court. Pursuant to this Order and subject to the procedures and limitations set forth herein, the Special Discovery Master is authorized to:

a.     Determine the briefing schedule for all matters submitted to the Special Discovery Master;

b.     Set the date, time, and place of all the hearings determined by the Special Discovery Master to be necessary;

c.     Direct the issuance of subpoenas, commissions and letters rogatory, unless otherwise issued by the Clerk's office;

d.     Conduct in camera reviews as permitted by law;

e.     Conduct status conferences concerning discovery;

f.     Make preliminary rulings on the propriety of questions and objections during depositions (including those disputes or any others that may arise during the conduct of the deposition); if judicial review of the preliminary ruling is required, the parties shall bring their disputes to the Court using the procedures in this Order concerning objections;

3

g.   Preside over discovery hearings and ESI issues, take written evidence, if necessary, and rule on objections, motions (other than the discovery motion or dispute that is the subject of the hearing, which shall be addressed pursuant to the report and recommendation procedure set forth below), and other requests made during or in connection with discovery hearings;

h.   To make reports to the Court, including findings and recommendations regarding all matters submitted for his/her determination;

i.   Except as provided specifically herein, to determine the appropriate procedures for resolution of all assigned matters and to take all appropriate measures to perform the assigned duties; and

j.   To impose upon a party by order any sanction other than contempt and may recommend a contempt sanction against a party and contempt or any other sanction against a non-party.

4.   **Dispositive Motions.**   On March 28, 2018, Defendants filed a Motion for Summary Judgment on statute of limitations grounds as to twelve representative Plaintiffs [McLaughlin Dkt. 236].   The parties agree that Defendants' Motion for Summary Judgment will be decided by the Court and not the Special Discovery Master.   However, any disputes regarding the application of the Court's summary judgment rulings on the statute of limitations to the other Plaintiffs in this action shall be addressed in the first instance by the Special Discovery Master.

5.   **Briefing and Hearings.**   Insofar as reasonably possible, the parties' shall meet and confer in a good faith effort to resolve discovery disputes before involving the Special Discovery Master.   All Motions submitted to the Special Discovery Master shall have a response time of 14 days unless otherwise ordered by the Special Discovery Master.   No Reply or Sur-

Reply Briefs shall be submitted except on Motion of the moving party and with good cause shown.  Copies of the parties' papers shall be provided to the Special Discovery Master at the same time as service.  Pursuant to the Federal Rules of Civil Procedure, briefs and other motion papers shall be electronically filed through the Court's ECF system in the same manner as would be required if the case were being heard by a judge.

Either party may request a hearing as to any submission.  Hearings shall be scheduled at the discretion of the Special Discovery Master.  Hearings may be in person or by telephone. All in-person hearings will be at the Special Discovery Master's office, unless otherwise ordered.

6. **Special Discovery Master's Report and Recommendation.**  No more than ten (10) days after the matter has been submitted, the Special Discovery Master shall attempt mediation and/or informal resolution of the dispute.  If the participants do not accept the results of the informal resolution, the Special Discovery Master shall, not more than fifteen (15) days after the informal resolution fails: (a) file with the Court an advisory report (the "Report and Recommendation") that includes findings and recommendation on the merits of the matter and (b) serve the Special Discovery Master's Report and Recommendation by e-mail on all parties. If the Special Discovery Master's Report and Recommendation contains confidential information of any party, the Special Discovery Master's Report and Recommendation will so indicate on the cover and will be filed with the Court under seal.

7. **Objections to Special Discovery Master's Report and Recommendation.** Within ten (10) days after the Special Discovery Master serves and files the Report and Recommendation, any party may file with the Court a written objection to the Report and Recommendation, findings, and/or recommendations.  The objection and notice shall be served on the Special Discovery Master and all other lead counsel by email.  Responses to the

5

objections shall be filed with the Court and served by email on the Special Discovery Master and on all other parties within ten (10) days after the objections are served.  The Court shall review any objections to the Report and Recommendation and any responses submitted to those objections.  The Court will review the Special Discovery Master's factual findings for clear error and will review his conclusions of law *de novo*.  The Court may adopt or reject the Report and Recommendation, findings, and/or recommendations, in whole or in part, after careful consideration of the Special Discovery Master's findings and recommendations, any objections and responses thereto filed with the Court, and the argument of counsel made at any hearing concerning such objections.  A hearing on the objections will be held at the discretion of the Court upon request of a party or as ordered by the Court.  If a hearing on the objections is to be held, the objecting party shall provide written notice of the hearing.  The Court shall thereafter enter an appropriate order.  The relief provided in the Special Discovery Master's Report and Recommendation shall be stayed pending the resolution of this objection process.

8.      **Absence of Objections.**  If no objection to the Report and Recommendation/ Recommended Order is filed within ten (10) days after the Special Discovery Master serves and files the Report and Recommendation, the Court shall enter an order adopting the Report and Recommendation, in whole or in part, unless the Court decides otherwise.

9.      **Record of Proceedings.**  The Special Discovery Master may, at his discretion, retain a court reporter to make a record of the proceedings before the Special Discovery Master. Any party, at its option, may retain a court reporter to make a record of such proceedings. A copy of each transcript prepared by any court reporter shall be made available to each of the parties and the Special Discovery Master.  The cost of any court reporter and/or transcript shall be split between the parties, each side paying for one half of the cost.

10.      **Reference Fees and Costs.**   On a monthly basis, the Special Discovery Master shall send to Plaintiffs' and Defendants' Liaison Counsel via email a written bill stating the total hours worked by the Special Discovery Master and the fees and costs charged for that month by the Special Discovery Master. The written bill shall organize the hours worked by the particular discovery dispute to which they relate, and provide a clear description of all work performed. The costs shall include the costs of any court reporter retained by the Special Discovery Master pursuant to Paragraph 9, above.  Both parties shall split the fees, each paying for one half of the bill each month. The Special Discovery Master shall keep accurate records of services rendered to and fees paid by the parties.

11.      **Court Filings.**   Pursuant to the Federal Rules of Civil Procedure, briefs and other motion papers shall be electronically filed through the Court's ECF system in the same manner as would be required if the case were being heard by a judge.  A party who files objections to a Special Discovery Master's Report and Recommendation pursuant to Paragraph 7 above shall provide with the courtesy copy of such objections a courtesy copy of all motions, oppositions, and related papers submitted to the Special Discovery Master by any party, and any transcripts made, in connection with the Special Discovery Master's Report and Recommendation, findings, and/or recommendations to which the objections are made.

12.      **Ex Parte Communications.**   The parties shall not engage in ex parte oral or written communications with the Special Discovery Master concerning any matter that in any way relates to these consolidated proceedings, except that the parties may communicate with the Special Discovery Master's assistant(s) respecting scheduling, logistics, and the Special Discovery Master's availability.   The Special Discovery Master may freely communicate *ex parte* with the Court on an as-needed basis.

13.  **Special Discovery Master's Reports to the Court.**  The Special Discovery Master shall provide written status and/or progress reports to the Court as requested by the Court. The Special Discovery Master shall file all such reports through the Court's ECF system and shall promptly serve copies of all such reports to Liaison Counsel.

14.  **Amendment.**  This Order may be amended at any time, after notice to the parties and an opportunity to be heard.

15.  **Reservation of Jurisdiction.**  This Order is without prejudice to any of the parties seeking, and the Court reserves jurisdiction to determine, such other and further orders with respect to this reference as may be just and proper, including, but not limited to, the appointment itself, the allowance of reference fees and costs, and the enforcement thereof.

The Court approves the aforestated Agreed Case Management Order and memorializes them in this Court Order.

**SO ORDERED**, this the 30th day of April, 2018.

_____
John R. Padova, J.

8

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| HELEN MCLAUGHLIN et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>BAYER ESSURE INC. et al.,<br><br>       Defendants.<br><br>**And Related Actions** | Case No. 14-cv-7315<br><br>The Hon. John R. Padova |

| | |
|---|---|
| NO. 14-7316 (Ruble) | NO. 16-3710 (Dong) |
| NO. 14-7318 (Stelzer) | NO. 16-3730 (Mantor) |
| NO. 14-7317 (Strimel) | NO. 16-3731 (Olague) |
| NO. 15-0384 (Walsh) | NO. 16-3732 (Gross) |
| NO. 16-1458 (Dunstan) | NO. 16-3733 (Johnson) |
| NO. 16-1645 (Clark) | NO. 16-3766 (Summerlin) |
| NO. 16-1921 (Souto) | NO. 16-3767 (Rodvill) |
| NO. 16-2166 (B. Bailey) | NO. 16-3768 (Bernal) |
| NO. 16-2154 (Campos) | NO. 16-3769 (Aponte) |
| NO. 16-2717 (Bolds) | NO. 16-4081 (Bradford) |
| NO. 16-3049 (Tulgetske) | NO. 17-2915 (Wistrom) |
| NO. 16-3409 (Abbey) | NO. 17-3968 (Bobo) |
| NO. 16-3589 (Burgis) | NO. 17-4417 (Guess) |
| NO. 17-4936 (Gonzalez) | NO. 18-0836 (Morgan) |
| NO. 18-0838 (Alfaro) | NO. 18-0037 (Jenson) |
| NO. 18-0837 (Galan) | |

## AFFIDAVIT OF DAVID A. SONENSHEIN

In connection with my service as court-appointed Special Discovery Master, I, David A. Sonenshein, hereby state that I have reviewed 28 U.S.C. § 455, and I am unaware of any ground for disqualification under that statute.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
David A. Sonenshein

Dated: ___4/25/18___